|     |                                                                                      |
| --- | ------------------------------------------------------------------------------------ |
| 1   |                                                                                      |
| 2   |                                                                                      |
| 3   |                                                                                      |
| 4   |                                                                                      |
| 5   |                                                                                      |
| 6   | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE              |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES SUBER,

                Plaintiff,

v.

SNOHOMISH COUNTY CORRECTIONS MAIL ROOM STAFF,

CASE NO. 18-428 RAJ-BAT

**ORDER DIRECTING SERVICE BY FIRST-CLASS MAIL AND TERMINATING CERTAIN DEFENDANTS**

Plaintiff proceeding *pro se* and *in forma pauperis* in this federal civil rights action filed an amended complaint. Dkt. 7. The Amended complaint names as Defendants Snohomish County Corrections and the Snohomish County Corrections Mail Room Staff. It alleges that on January 17, 2018, legal mail sent to Mr. Suber, by his attorney, Casey Trueblood, was opened my jail mailroom staff outside the presence of plaintiff.

In light of the allegations in the Amended Complaint, the Court **DIRECTS the clerk** to **TERMINATE** from the docket the following defendants:

(1)     **C/O Munsens; C/O Young and C/O Louis** who are described as witnesses in the amended complaint, not defendants; and

(2)     **Snohomish County Corrections.** The Snohomish County Corrections is not an entity which may be sued under 42 U.S.C. § 405(g). Moreover, the amended complaint indicates

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND TERMINATING
CERTAIN DEFENDANTS - 1

Snohomish County Corrections did not implement a rule or policy regarding the mail that violated plaintiff's rights. To the contrary, the amended complaint alleges that the Mail Room Staff "violated the mail policy on corrections," i.e. violated a rule of Snohomish Corrections. Dkt. 7 at 3.

The Court further **ORDERS** as follows:

(1) <u>Service by Clerk</u>

The Clerk is directed to send the following to defendants Snohomish County Mail Room Staff by first class mail: a copy of plaintiff's complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office.

The Clerk shall also send a courtesy copy of the complaint and of this Order to **Snohomish County Prosecuting Attorney**, by first-class mail.

(2) <u>Response Required</u>

Defendants shall have **30 days** within which to return the enclosed waiver of service of summons. Any defendant who timely returns the signed waiver shall have **60 days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

Any defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **30 days** after service.

**Defendants MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs**

**will have fair, timely and adequate notice of what is required of them in order to oppose those motions.** *Woods v. Carey*, **684 F.3d 934 (9th Cir. 2012).** The Ninth Circuit set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (emphasis added).

**Defendants who do not file and serve, in a separate document, the required *Rand* notice will face (a) immediate denial of their motions with leave to refile and (b) possible monetary sanctions.**

(3) <u>Filing and Service by Parties Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom the document is directed.

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND TERMINATING
CERTAIN DEFENDANTS - 3

When an electronic filing exceeds 50 pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers." A party filing a paper original does not need to file a chambers copy.

Additionally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in this case.

(4) <u>Motions</u>

Regarding the filing of motions before the Court, the parties are directed to review Local Rule CR 7 in its entirety. A few important points are highlighted below:

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.**

**In all instances where one of the parties to a lawsuit is incarcerated, <u>all</u> categories of non-dispositive motions not listed in Local Rule CR 7(d)(1) must be noted for the third Friday after the date of filing and service**. *See* Local Rule CR 7(d)(2).

All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

(5) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. **All relevant information and papers are to be directed to the Clerk.**

(6) The Clerk is directed to send a copy of this Order to plaintiff.

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND TERMINATING
CERTAIN DEFENDANTS - 4

DATED this 24th day of April, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND TERMINATING
CERTAIN DEFENDANTS - 5