UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES SUBER,

            Plaintiff,

  v.

SNOHOMISH COUNTY JAIL MAIL ROOM et al.,

            Defendants.

CASE NO. C18-428 RAJ-BAT

**REPORT AND RECOMMENDATION**

On October 4, 2018, defendants filed a motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6), and noted the matter for October 26, 2018. Dkt. 32. Plaintiff has not responded to the motion. The Court has reviewed defendants' motion and the record and recommends the motion be granted and the case be dismissed with prejudice.

**BACKGROUND**

Plaintiff filed an amended complaint alleging that on January 17, 2018, while he was an inmate at the Snohomish County Jail, he received an envelope marked "legal mail" that was open. Dkt. 7. The amended complaint alleged the envelope was correspondence from his attorney Cassie Trueblood, and named as defendants "Munsens, Young, Lewis and the mailroom." *Id.* The Court terminated Munsens, Young, and Lewis because they were identified

REPORT AND RECOMMENDATION - 1

as witnesses who did not violate plaintiff's rights; the Court also terminated Snohomish County Corrections because it is an entity not subject to § 1983 liability. Dkt. 8.

The Court subsequently requested plaintiff to clarify the names of the mailroom defendants he wished to sue. Dkts. 13, 14, 17. Plaintiff ultimately indicated he wished to sue "c/o Yaba, c/o Ray, c/o Olson who were on rotation in the mailroom during the alleged incident, and Sgt. Young, Sgt. Miller and Sgt. Lewis who were "in control" of the mailroom. Dkt. 20. The Court directed service on defendants jail officers Yaba (True name Yabut); Ray; Olsen, Sgt. Miller, and Sgt. Lewis. Defendant Young was not served as he had previously been dismissed from the case.

On October 4, 2018, defendants moved to dismiss the case under Fed. R. Civ. P. 12(b)(6). Dkt. 32. Defendants also assert they are entitled to qualified immunity. *Id.*

## DISCUSSION

A complaint may be dismissed under Rule 12(b)(6) when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). A district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, conclusory allegations are not similarly treated. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Plaintiff seeks § 1983 relief and must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Defendants agree they are persons acting under color of law but argue the

amended complaint should be dismissed because it "contains insufficient factual allegations to support" a constitutional violation. Dkt. 32 at 5.

**A.    The Amended Complaint Does Not Set Forth Sufficient Facts to State a Claim**

In general, prisoners have First and Sixth Amendment rights[1] in having properly marked civil or criminal legal mail opened in their presence. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204 (9th Cir. 2017); *Mangiaracina v. Penzone*, 849 F.3d 1191 (9th Cir. 2017); *Nordstrom v. Ryan*, 762 F.2d 903, 907 (9th Cir. 2014). A prisoner need not allege a longstanding practice of violating First Amendment rights in order to state a claim for relief on a direct liability theory. *Hayes*, at 1212. "Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." *Id*. at 1211 (quoting *Merriweather v. Zamora*, 569 F.3d 307, 318 (6th Cir. 2009)) (internal quotations omitted). Likewise "even isolated incidents of improper mail opening may, in appropriate circumstances, be sufficient to allege a Sixth Amendment." *Mangiaracina* at 1197. However, merely negligent conduct on the part of prison officials may not be sufficient to state a claim. *Id*. at 1198; *see also Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) (Defendant Koskey's negligence in handing legal mail to a prison guard who opened the mail outside the prisoner's presence does not state a claim for § 1983 relief).

As noted above, the Ninth Circuit qualified the general bar against opening prisoner mail by indicating the bar applies where mail is opened "in the appropriate circumstances." The language reflects the facts from which the general bar arose. For example, in *Nordstrom*, a

---

[1] Plaintiff's claims that the opening of his mail also violate his Fourth Amendment and Eighth Amendment rights fail. As with his First and Sixth Amendment claims, the amended complaint contains no facts showing plaintiff's legal mail was opened intentionally or as part a regular jail practice or policy. Further as defendants note, the First Amendment, not the Fourth Amendment governs plaintiff's claim that his mail was improperly opened, and there is nothing showing the Eighth Amendment is implicated in this case.

prisoner alleged the Maricopa Jail had a policy of opening and reading legal mail, and witnessed a jail officer reading his legal mail. *Nordstrom v. Ryan*, 762 F.2d at 907. In *Mangiaracina*, the prisoner alleged a jail officers told him he "they can open legal mail outside our presence if they want to." *Mangiaracina v. Penzone*, at 1197. And in *Hayes*, the prisoner alleged the jail had a "custom of ignoring the improper handling of legal mail," and that the jail four times delivered "opened" legal mail. *Hayes v. Idaho Corr. Ctr.*, at 1206; *see also Campos-Rodriguez v. Jones*, 2018 WL 529972 at * 2 (E.D. Cal. Jan. 23, 2018) (Plaintiff alleged Jones opened and read mail from counsel); *Vantanpour v. Nelson*, 2017 WL 986356 at * 2 (D. Nev. March 13, 2017) (Complaint alleged defendants opened mail seven times and continued to do so even after acknowledging the claim in a response to the prisoner's grievances.); *Doreh v. Rodriguez*, 723 Fed. Appx. 530, (9th Cir. 2018) (Complaint sufficient where it alleged defendant knowingly and intentionally opened prisoner's legal mail on several occasions before delivering the mail to the prisoner). Hence, to state a Sixth or First Amendment Claim, a prisoner must allege that clearly marked correspondence from counsel was opened outside the prisoner's presence, and that the legal correspondence was opened intentionally or based upon a jail's pattern and practice of opening legal mail in this manner.

In contrast to the circumstances noted in the cases above, plaintiff alleges that on one occasion, he received legal mail that was opened. He did not witness any officer intentionally opening the mail, that his mail was intentionally read, or that the jail has a policy or practice of opening legal mail outside the presence of the inmate. On the contrary, the amended complaint indicates the jail officers with whom plaintiff spoke indicated the jail has a policy of not opening mail that lawyers send to inmates, except in the inmate's presence. Dkt. 7.

The complaint thus fails to plead sufficient facts that state a claim upon which relief may be granted that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted).

Here the complaint alleges legal mail was opened but contains nothing showing the mail was opened intentionally or as part of a practice or pattern. The amended complaint also fails to describe what acts, if any, the defendants committed that violated plaintiff's rights. The amended complaint does not state a claim for relief because as the Supreme Court noted in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* (citations omitted).

In short, because the amended complaint contains no factual assertions that defendants opened plaintiff's legal mail intentionally or opened his mail as part of the jail's established pattern and practice of opening legal mail, the amended complaint fails to state a claim upon which relief may be granted and should be dismissed.

**B.    Defendant's Participation**

Defendants argue the amended complaint should be dismissed because it contains no facts establishing defendants individually committed acts that violated plaintiff's rights, and also

because a defendant is not liable based solely on his or her supervisory role or position. Dkt, 32 at 6.

The amended complaint together with plaintiff's clarification of who should be named as defendants allege "c/o Yaba, c/o Ray, c/o Olson should be defendants because they were on rotation in the mailroom during the alleged incident, and Sgts. Young, Miller and Lewis should be defendants because they were "in control" of the mailroom.

Turning first to Sgt. Young, Sgt. Miller and Sgt. Lewis, a § 1983 action may not be brought against a supervisor on a theory the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim against a supervisor, a complaint must allege facts showing the individual supervisor defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *see also Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978). Here, the amended complaint contains no facts indicating Sgts. Young, Miller or Lewis had any involvement in the opening of plaintiff's legal mail on the day in question. The allegation they were in "control" is insufficient and plaintiff's claim against them should be dismissed.

Turning to defendants Yabut, Ray, and Olson, to obtain § 1983 relief the amended complaint must allege each particular defendant caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. It is simply not enough to claim that "all the defendants" or that a list of defendants violated his rights in some general

fashion. Rather, the amended complaint plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The amended complaint here contains no facts showing the individually named defendants engaged in any act that harmed plaintiff.

**C.    Qualified Immunity**

Defendants argue the case should be dismissed because they are entitled to qualified immunity. Dkt. 32 at 11-13. Defendants are entitled to qualified immunity unless their conduct violates clearly established law of which a reasonable officer would have known. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Brown v. Dep't. of Corr.*, 751 F.3d 983, 990 (9th Cir. 2014) (defendants cannot be held liable for violating right that was not clearly established at time violation occurred). As noted above, by the time plaintiff's legal mail was allegedly opened in January 2018, the Ninth Circuit had already clearly established the First and Sixth Amendments prohibit prison officials from opening mail sent to a prisoner from his attorney, outside of the prisoner's presence. Defendants are accordingly not entitled to qualified immunity.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 13, 2018.** The Clerk should note the matter for **November 16, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter

for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 29th day of November, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8